**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4917**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICKY SHERELLE JOHNSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Robert G. Doumar, Senior
District Judge.   (2:10-cr-00155-RGD-FBS-1)

Submitted:  May 4, 2012                Decided:  May 10, 2012

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

Edwin F. Brooks, EDWIN F. BROOKS, LLC, Richmond, Virginia, for
Appellant.   Cameron Rountree, Special Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Sherelle Johnson pled guilty, pursuant to a written plea agreement, to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Johnson to 262 months' imprisonment. On appeal, Johnson argues that his trial counsel was constitutionally ineffective for advising him to enter into a plea agreement without explaining that he could be subject to an enhanced sentence as a career offender and failing to file an appeal as he requested. In addition, Johnson argues that the district court erroneously sentenced him as a career offender.

The Government seeks to enforce the appellate waiver provision of the plea agreement and has moved to dismiss Johnson's appeal.[*] In response, Johnson asserts that the appellate waiver is unenforceable because his counsel provided ineffective assistance and maintained a conflict of interest in advising Johnson to enter into a plea agreement with the Government.

---

[*] The Government also notes that Johnson's pro se notice of appeal is untimely, as it was filed on September 6, 2011, more than three months after judgment was entered on May 16, 2011. However, the Government waives the untimeliness of Johnson's appeal, seeking dismissal solely based upon Johnson's appellate waiver.

2

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." Id. (internal quotation marks and citation omitted).

The language of the waiver provision is clear and unambiguous, setting forth a broad waiver of appellate rights; Johnson agreed to waive the right to appeal "the conviction and any sentence within the statutory maximum" on "any ground whatsoever." The court questioned Johnson regarding the waiver provision numerous times during the Fed. R. Crim. P. 11 colloquy. Johnson, thirty-one-years-old with a GED, indicated that he had reviewed the waiver provision and understood its terms. In addition, the court advised Johnson that he would not be able to withdraw his guilty plea if his attorney's predictions regarding his Guidelines range proved inaccurate, emphasized that Johnson's Guidelines range could not be determined until the presentence report was prepared, and cautioned that Johnson's criminal history would be an important factor in determining his Guidelines range. We therefore conclude that Johnson knowingly and intelligently waived his right to appeal his conviction and sentence. As the district court imposed a sentence within the statutory maximum, Johnson's challenge to his sentence falls within the scope of the waiver and may not be reviewed by this court.

Johnson also asserts that his trial counsel provided ineffective assistance by failing to explain that he could be subject to an enhanced sentence as a career offender based upon his criminal history and failing to file a direct appeal. This

4

court is not precluded from considering claims of ineffective assistance of counsel by the waiver provision, and we deny the motion to dismiss as to these claims. However, claims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008). Because the record here does not establish that counsel was constitutionally ineffective, these claims are not subject to review on direct appeal.

Accordingly, we grant the Government's motion to dismiss in part and deny it in part. We dismiss the appeal of Johnson's sentence and otherwise affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>